UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 3:13-cr-00054 (MPS) |
| | : | |
| v. | : | |
| | : | |
| DOMINIQUE MACK, | : | |
| KERONN MILLER, | : | |
| | : | |
| Defendants. | : | December 8, 2014 |

_____

### Order Maintaining Court Ruling Under Seal

After holding an evidentiary hearing, this Court on December 2, 2014 issued a ruling denying Defendant Keronn Miller's Motion in Limine and finding that certain statements of the alleged victim of the homicide that is the subject of the charges in this case qualified for two exceptions to the rule against hearsay, i.e., Fed. R. Evid. 804(b)(3) and 804(b)(6). ECF No. 158. The ruling also finds that some of the statements at issue—including certain opinions expressed by the alleged victim—were inadmissible lay opinions or speculation. The Court initially filed the ruling under seal until counsel for Mr. Miller, counsel for his co-defendant, Dominique Mack, and counsel for the Government all had an opportunity to review the ruling and advise the Court whether the sealing order should be continued. Mr. Miller's counsel has advised that Mr. Miller has no objection to unsealing the document, as Mr. Miller has now entered a guilty plea and there will be no trial in his case. Both Mr. Mack's counsel and counsel for the Government, however, have urged the Court to continue the sealing order, at least pending the outcome of Mr. Mack's trial, which is scheduled to begin on March 11, 2015.

As the Second Circuit has made clear, the public and the press have a "qualified First Amendment right . . . to access certain judicial documents," including inspecting and making

copies of judicial documents and docket sheets. *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 120 (2d Cir. 2006). The Second Circuit has also recognized that the public has a "particular interest . . . in scrutinizing the operation of the criminal justice system." *United States v. Graham*, 257 F.3d 143, 149 (2d Cir. 2001). To ensure that the public can monitor the performance of judges and the court system, there is a strong presumption against sealing judicial rulings such as this Court's order docketed as ECF No. 158.

In this case, however, there are two countervailing interests that overcome that presumption—the right of the defendant to receive a fair trial and the need to ensure the safety of witnesses—at least until there is a verdict in *United States v. Mack*. The ruling includes findings by the Court—using a different standard of proof and relying on evidence that would not be admissible in a criminal trial, *see* Fed. R. Evid. 104(a), on issues that closely track the issues a jury will have to decide in this case. For the same reasons that a judge repeatedly instructs a jury in every trial not to infer that he or she has any view about the issues of fact that are the jury's exclusive province, the possibility of juror exposure to the Court's ruling, or to publicity about the ruling were it made public before Mr. Mack's trial, raises a more serious concern than the one that ordinarily attends run-of-the-mill pretrial publicity in a criminal case. Because of the nature of the ruling, it is less clear that juror exposure could be cleansed during voir dire questioning in jury selection than in a case simply involving pre-trial media reports about the allegations against a defendant.

Further, the ruling at issue identifies witnesses and specifies the information they have provided to law enforcement. The Government has represented that revealing those identities and the information provided in such an easily accessible form would pose a threat to the safety of

those witnesses. In light of the allegations in this case, the Court is not in a position to discount those representations at this stage.

For these reasons, the Court orders that ECF No. 158 remain under seal until further order of the Court. The Court will revisit this matter following a verdict in *United States v. Mack*.

**SO ORDERED** this 8th day of December, 2014, at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge